TALKIN, MUCCIGROSSO & ROBERTS, L.L.P.
ATTORNEYS AT LAW
40 EXCHANGE PLACE
18TH FLOOR
NEW YORK, NEW YORK 10005

(212) 482-0007 PHONE
(212) 482-1303 FAX
WWW.TALKINLAW.COM
EMAIL: INFO@TALKINLAW.COM

MARYLAND OFFICE:
5100 DORSEY HALL DRIVE
SUITE 100
ELLICOTT CITY, MD 21042
410-964-0300

NEW JERSEY OFFICE:
79 MAIN STREET
SUITE ONE
HACKENSACK, NJ 07601
201-342-6665

May 6, 2011

BY ECF AND HAND
Honorable Jack B. Weinstein
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                               Re:     United States v. C.R.
                                                      09 Cr. 155 (JBW)

Dear Judge Weinstein:

## Introduction

      Defendant C.R. respectfully submits this letter as a Sentencing Memorandum to assert his objections to the Presentence Investigation Report ("PSR") and for the Court's consideration in determining his appropriate and just sentence. The Court has issued a four hundred and nineteen page tentative draft of a sentencing opinion ("Tentative Order"). This draft was prepared after the Court listened to numerous days of testimony relevant to sentencing, traveled with counsel to the Federal Medical Center at Devens, and reviewed hundreds, if not thousands, of pages of documentary evidence. As a result and as reflected in the Tentative Order, C.R. is confident that the Court is well-informed regarding his personal history and characteristics and the nature and circumstances of the instant offense for a sentencing analysis pursuant to 18 U.S.C. § 3553(a) and such will not be repeated within this Memorandum. Rather, C.R. asks that in its final Section 3553(a) analysis, the Court depend upon all of the facts set forth in its Tentative Order.

## Objections to the PSR

### I.    Factual Objections

      The PSR in the instant case was prepared on January 8, 2010. Since the time the initial disclosure was issued, the Court has conducted extensive hearings and a number of additional psychological evaluations of C.R. have been performed. These hearings and evaluations revealed numerous important facts not contained in the PSR. In addition, many of the facts in the PSR require updating because of changes in C.R.'s residence, mental health treatment, education and employment. The Court's Tentative

Order succeeds in placing the additional and updated relevant facts on the record. Accordingly, the defendant respectfully requests that the Court order Probation to incorporate the facts as found in the Court's Tentative Order into the PSR so that the record in this case is accurate and complete.

**II.     Guidelines Objections**

   A. In General

   The U.S. Supreme Court has emphasized that guidelines not supported by empirical data are entitled to less deference than are guidelines that exhibit the Sentencing Commission's "exercise of its characteristic institutional role" as an expert agency tasked with promulgating empirically-based guidelines. *Spears v. United States*, 129 S. Ct. 840, 842-43 (2009) (internal quotation marks omitted). Child pornography guidelines achieve unreasonable sentences by imposing multiple enhancements that are applicable to almost every case involving the possession or receipt of child pornography, not merely those that are most aggravated

   C.R. agrees with the Court that the Guideline term in the PSR "is grossly excessive given the circumstances of this case." Tentative Draft, p. 403. As the Second Circuit stated in *United States v. Dorvee*, in child pornography cases, district courts "are dealing with an eccentric Guideline of highly unusual provenance which, unless carefully applied, can easily generate unreasonable results." 616 F.3d 174, 188 (2d Cir.2010). The Guidelines calculation in C.R.'s PSR demonstrates exactly such an unreasonable result. For a single count of distribution of child pornography based on his participation in a file-sharing program, with no images of bondage, sadism, or violence, C.R., a first-time offender, is given a Guidelines range of 168-210 months, a sentence very close to the 240-month statutory maximum. As the Court recognizes in its Tentative Draft opinion, this Guidelines range is far greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). For the reasons set in this memorandum, during the hearings and within all prior defense submissions, defendant also respectfully submits that a sentence significantly below the applicable Guidelines range is sufficient to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a).

   B. U.S.S.G. § 2G2.2(b)(2)[+2] Material Involved Prepubescent Minor

   The PSR adds a two-level enhancement for some of the computer files involving minors under the age of 12. PSR ¶ 29. Virtually every child pornography prosecution, particularly where there is a "sting" involved, has an image of a child under twelve. This enhancement is added whether or not the defendant specifically intended to possess such material. Accordingly, this enhancement is not sufficiently particularized to the circumstances of this case and constitutes double-counting.

   C. U.S.S.G. § 2G2.2(b)(3)(F)[+2] Distribution of Material In A Manner Not Otherwise Described

   The PSR adds another two levels for "distribut[ing] the child pornography in GigaTribe in a manner not otherwise described." PSR ¶ 30. The guidelines enhancement for distribution results in double-

counting because this characteristic is shared by all instances of the crime, and is reflected in the base offense level for the crime; it therefore is unavailable for use as an enhancement. Distribution of child pornography is the crime prohibited by 18 U.S.C. § 2252 (a)(2) to which C.R. pleaded guilty. The base offense level for that crime, 22, is found in U.S.S.G. § 2G.2.2; the base offense level by definition must account for "distribution" of child pornography, given that it is the crime to which it applies. Further, the Commentary for § 2G.2.2 defining distribution is indistinguishable from the base offense level conduct constituting the crime of distribution as defined in Section 2252(a)(2). The catch-all for the distribution enhancement, § 2G2.2(b)(3)(F), which Probation finds applicable here, presumably reserved for garden variety distribution that is different from the six other kinds of distribution defined in (a) through (E) reads: "**Distribution other than distribution** described in subdivisions (A) through (E), increase by two levels."(emphasis added). What then is the difference between the base offense level distribution as defined by § 2G2.2 and the distribution defined by § 2G2.2(b)(3)(F)? What is the distributive behavior in § 2G2.2(b)(3)(F) that makes it subject to enhancement deserving of higher punishment? This enhancement should not be applied in this case.

      D. U.S.S.G. § 2G2.2(b)(5)[+5] Pattern of Activity Involving Sexual Abuse or Exploitation of Minor

Defendant objects to the imposition of the five-level enhancement for a pattern of activity involving sexual abuse pursuant U.S.S.G. § 2G2.2(b)(5). PSR ¶ 31. Only one of the incidents relied upon to establish "a pattern" of activity even arguably occurred after C.R. was eighteen years old, and it has not been shown by a preponderance of the evidence that it did occur after C.R. was eighteen years old. PSR ¶ 11. As the Court noted in the Tentative Order, the Supreme Court recognizes that "a juvenile is not absolved of responsibilities for his action, but his transgression is not as morally reprehensible as that of an adult." Tentative Order, p. 359 (quoting *Graham v. Florida*, 130 S.Ct. 2011, 2026 (2010)). Adding a nearly 23% (the base offense level for §2G2.2 is 22) increase to the base offense level for conduct committed by defendant while he was himself a minor, which was entirely unrelated to the offense of conviction, is improper and unwarranted.

      E. U.S.S.G. § 2G2.2(b)(6)[+2] Use of Computer

An additional two levels are added because the offense involved the use of a computer. PSR ¶ 32. Since this offense characteristics is present in the overwhelming majority of child pornography cases, to enhance the sentence would constitute double counting. The use of a computer or the internet does not result in conduct which is unusual or more offensive and therefore is without logic and empirical data to support the enhancement. The enhancement applies not only to cases where the use of a computer makes the offense more serious, such as when a defendant uses a computer to promote or widely distribute child pornography, but to any time a computer is utilized. Here, C.R. primarily used the computer to view child pornography. His use of the file-sharing program did not result in a wide distribution or promotion.

      F. U.S.S.G. § 2G2.2(b)(7)(D)[+2] More Than 600 Images[+5]

The PSR further increases the base offense level by five levels based on the number of images

possessed. PSR ¶ 33. Because child pornography images are accessed through the computer, the raw number of images have very little to do with an appropriate punishment in the way the fraud table reflects an escalation in dollar amount, unless the person possessing the images was intending to sell them, for example. Moreover, the raw number of images do not reflect the number of times the defendant downloaded pornography, or the number of images he actually viewed. Increasing defendant's offense level for the number of images by 5 points will increase his Offense Level by approximately 100%. The agent's testimony during the sentence hearing regarding the number of images was as follows: "[I found] At least two hundred images containing child pornography and, approximately, one hundred video files containing child pornography." Hearing Transcript, Testimony of F.B.I. Agent Thomas Thompson, October 9, 2010, at p.17. The Application Note used to determine the number of images calculates each actual image as one image for Guideline purposes but each actual video as seventy-five images for Guideline purposes. Not only does there appear to be no empirical data supporting this calculation but Application Notes do not carry the weight of a Guideline, even if the Guideline itself is suspect. *See supra* Guideline Objections, In General.

G. Re-Calculated Guideline

Without these inappropriate enhancements, C.R.'s offense level, after subtracting the three levels for acceptance of responsibility, would be 19. At criminal history category I, this yields a range of imprisonment of 30-37 months.

## Other Sentencing Considerations

I. **Alternative Sentence**

Because the Court, in the Tentative Order, sets forth its intention to sentence C.R to a sentence below the mandatory minimum sentence, defendant respectfully requests that the Court place an alternative sentence on the record that it would impose in the event that the Your Honor is Ordered by another court to apply the mandatory minimum sentence. For the same reasons set forth in the tentative Order, defendant submits that a sentence of 60 months is just and proper in the event that the Court is required to apply the mandatory minimum.

II. **Retention of Jurisdiction Until BOP Designation Is Made**

The Court's finding that a 30-month sentence, during which C.R. would receive intensive treatment at FMC Devens, and would be in a facility where he is at lower risk for abuse than in a regular (non-treatment) BOP setting, is not cruel and unusual or greater than necessary to comply with the purposes of sentencing, is predicated on C.R. actually being designated to FMC Devens. The defense is concerned that the BOP may not follow the Court's recommendations that C.R. be designated to serve the entire sentence at FMC Devens and be allowed to self-surrender there. This concern is a concrete one given that the defendant in United States v. Polouizzi, 06 Cr. 22 (JBW) recently has been designated to FCI Fort Dix despite the Court's strong recommendation that he be designated to FMC Devens. Were C.R. to be designated by the BOP to a facility other than FMC Devens, which would mean he would not receive sex

offender treatment (since FMC Devens is the only BOP facility that has such treatment) and would be at a heightened risk for abuse, given his youth, appearance, and offense of conviction, the 30-month term would be both unconstitutional and excessive to comply with the statutory purposes of sentencing for the same reasons the Court finds the mandatory minimum term to be unconstitutional and excessive. Accordingly, in order that this issue may be addressed by the Court should it arise, the defense respectfully asks that the Court retain jurisdiction over this matter until the BOP makes its designation of C.R. Should a designation to FMC Devens not be made by the BOP, the defense requests an alternative sentence of time served to be followed by seven years of supervised release, with a specific condition of intensive outpatient sex offender treatment for the first 24 months of the supervised release term.

Very truly yours,

/s/

Sanford N. Talkin
Louis M. Freeman
Deirdre D. von Dornum

cc:   AUSA Ali Kazemi (by email)
      AAG Chantel Febus (by email)
      Senior U.S.P.O. Mary Ann Betts (by email)
      Pre-Trial Services Officer Anna Lee (by email)